# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIQ R. McCORKLE,

        Petitioner,        :     Case No. 3:21-cv-345

  - vs -                             District Judge Thomas M. Rose
                                       Magistrate Judge Michael R. Merz

WARDEN, Southeast Correctional
 Institution,

                                        :
        Respondent.

## DECISION AND ORDER DENYING REQUEST FOR DISCOVERY

       This habeas corpus case, brought *pro se* by Petitioner Eriq McCorkle to obtain relief from his conviction in the Greene County Court of Common Pleas, is before the Court on Petitioner's Motion for Leave to Conduct Discovery (ECF No. 13).

       Petitioner seeks to have Respondent produce any and all journal entries for continuances for the following dates: 08/13/2019-09/20/20l9; 10/18/2019-12/13/2019; 01/08/2020-01/23/2020; 0l/29/2820-03/18/2020; 03/18/2020-04/23/2020; 6/13/2020-07/20/2020; and 07/21/2020-09/14/2020. If there are not journal entries for those dates, Petitioner asks the Court to allow Petitioner to propound a request for admissions regarding that question (ECF No. 13, PageID 2227).

       These are the same documents Petitioner sought to have the Court compel (ECF No. 8). The Court denied that motion without prejudice to its renewal if compliance was shown with

Habeas Rule 6 (ECF No. 11, PageID 2201).  Despite an effort to do so, Petitioner has not succeeded.

As noted in the prior decision, a habeas petitioner is entitled to discovery only if he shows the documents sought are relevant and material to his habeas corpus claims.  McCorkle makes only one claim, to wit, that he was denied his **constitutional** right to a speedy trial.  However, the authority he cites in favor of the required content of continuance entries is from the Ohio Supreme Court, not any federal authority.

While the Ohio statutory speedy trial provisions (Ohio Revised Code § 2945.71 et seq.) are designed to ensure a speedy trial, they are substantially more stringent than the federal constitutional speedy trial provisions.  To put it another way, whether or not Petitioner's constitutional right to a speedy trial was violated will depend on precedent from the Supreme Court of the United States, particularly *Barker v. Wingo,* 407 U.S. 514, 530-32 (1972).  Whether entries contained certain language required by the Ohio Supreme Court is not material to that question.

Petitioner's Request to Conduct Discovery is denied.

March 31, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

2