# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIQ R. McCORKLE,

       Petitioner,  :  Case No. 3:21-cv-345

  - vs -                         District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

WARDEN, Southeast Correctional
 Institution,

                               :
       Respondent.

## DECISION AND ORDER DENYING MOTION TO COMPEL CERTIFICATE OF TRIAL JUDGE

This habeas corpus case is before the Court on Petitioner's Motion to Compel Certificate of Trial Judge (ECF No. 22). Petitioner relies on 28 U.S.C. §2245 which provides:

> On the hearing of an application for a writ of habeas corpus to inquire into the legality of the detention of a person pursuant to a judgment the certificate of the judge who presided at the trial resulting in the judgment, setting forth the facts occurring at the trial, shall be admissible in evidence. Copies of the certificate shall be filed with the court in which the application is pending and in the court in which the trial took place.

(June 25, 1948, ch. 646, 62 Stat. 966.)

This section was enacted as part of the recodification of the Judicial Code in 1948 and has never been amended. It undoubtedly reflected existing practice at a time when many court proceedings were not recorded at all.

Today and for at least the last forty years it has been commonplace to have trial court

1

proceedings recorded in a fashion which permits their transcription in verbatim form for use of appellate and federal habeas courts. The Rules Governing Proceedings under 28 U.S.C. § 5254 contemplate that in most state court proceedings a verbatim record will be kept which can be transcribed for the habeas court if it has not already been transcribed on direct appeal.

That is what has been done here. When an Answer was ordered, the Court required the Warden to file those transcripts with this Court (ECF No. 2). The record shows the transcripts filed here were first filed with the Clerk of Courts of Greene County, Ohio (See, e.g., PageID 725). Because they were transcribed from recordings, they have a much better chance of being accurate records of what happened than a trial judge's certificate drawn from memory and notes.[1]

Ohio law provides litigants a remedy when they believe a transcript is not accurate: they can move to have the record corrected in the state trial court. Ohio R. App. P. 9(E). But the authority to makes such corrections lies with the trial judge on motion at the time of appeal. 28 U.S.C. § 2245 does not provide a vehicle to authorize a habeas court to mandate a certificate.

The Motion to Compel is DENIED.


May 3, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Because verbatim transcripts are almost always available when needed, in the undersigned's experience it is quite unusual from trial judge's to attempt verbatim notes.