**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ERIQ R. McCORKLE,

        Petitioner,    :    Case No. 3:21-cv-345

- vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

WARDEN, Southeast Correctional
 Institution,

        :
        Respondent.

## DECISION AND ORDER ON SUPPLEMENTAL MOTION FOR JUDICIAL NOTICE

This habeas corpus case is before the Court on Petitioner's Supplemental Petition For Judicial Notice Pursuant to Evid. R. 201 With Hearing Requested (ECF No. 26).  In his previous Motion to Take Judicial Notice (ECF No. 23), Petitioner requested the Court to take judicial notice of certain documents which are part of the filed State Court Record.   The Motion was granted "to the extent that the Court takes judicial notice these documents exist as part of the certified state court record." (Order, ECF No. 25, PageID 2296).  The Magistrate Judge denied a hearing, but provided "Petitioner is welcome to put any argument he has about the significance of the judicial notice in writing." *Id.*

The Magistrate Judge also indicated he did not understand the purpose of taking judicial notice as previously requested. He explains "Petitioner ask[s] this court to give ***"Full Faith and Credit"*** to these **ORAL ORDERS** on June 12th [2020] **CONCERNING THE END** of the *COVID*

1

*TOLLING Order"* pursuant to **Article IV of the United States Constitution."** (Motion, ECF No. 26, PageID 2299).  He makes the same Full Faith and Credit requests as to four other oral pronouncements of the trial court.

Article IV, § 1 of the United States Constitution reads:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

On its face, the Full Faith and Credit Clause has no application here because no other State besides Ohio is involved.  For example, McCorkle is not asking for, say, Indiana to give full faith and credit to the acts of the Ohio courts.  Clearly that is not what Petitioner is asking.

To the extent McCorkle is asking this Court to give full faith and credit to the Ohio courts' actions regarding the Ohio speedy trial statute, we have already done so.  In addition, the Magistrate Judge has recommended deference to the Ohio courts on the sole question at issue in this case:  was the amount of time taken to get this case to trial within the limits set by the federal Speedy Trial Clause?  The final word of the Ohio courts on that question was pronounced by the Second District Court of Appeals and should not be set aside based on Petitioner's interpretation of various speedy trial words used at various times in the trial court.  That court's final opinion decided both the federal and state speedy trial issues submitted to it.  Its application *of Barker v. Wingo, supra,* was not unreasonable and is therefore entitled to deference.

The Supplemental Motion for Judicial Notice is DENIED.

May 16, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge