# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ERIQ R. McCORKLE,

        Petitioner,       :      Case No. 3:21-cv-345

  - vs -                            District Judge Thomas M. Rose
                                     Magistrate Judge Michael R. Merz

WARDEN, Southeast Correctional
 Institution,

                              :
        Respondent.

## REPORT AND RECOMMENDATION ON MOTION FOR NEW TRIAL

This habeas corpus case is before the Court on Petitioner's Motion to Reconsider under Fed.R.Civ.P. 59(a)(2))(ECF No. 34). Judgment was entered May 31, 2022 (ECF No. 29) which makes the Motion timely.

Rule 59(a)(2) provides:

> ***Further Action After a Nonjury Trial***. After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

The Rules Governing § 2254 Proceedings do not contain any express provisions for a "new trial," but Habeas Rule 12 permits the application of the Civil Rules "to the extent they are not inconsistent with any statutory provisions or these rules." The closest analogue to a nonjury trial in habeas practice would be an evidentiary hearing under Habeas Rule 8. As the Court would do

1

in an ordinary nonjury trial, the habeas court would hear witnesses and resolve conflicts in testimony and weigh the credibility of witnesses.

However, no evidentiary hearing was held in these habeas proceedings and the ability of the Court to hold such a hearing is severely constrained by statute and precedent. 28 U.S.C. § 2254(e); *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Shinn v. Martinez Ramirez,* 596 U.S. ___, 142 S.Ct. 1718 (2022). Assuming that Rule 59(a)(2) would be applicable in a habeas proceeding in which an evidentiary hearing took place, it would not apply here because there was no such hearing.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a decision by the final state court to hear the case on the merits of an issue of constitutional law later raised in habeas is entitled to deference unless the adjudication of the claim is (1) contrary to or any unreasonable application of clearly established Supreme Court precedent (28 U.S.C. § 2254(d)(1)) or 2)"resulted in a decision that was based on an unreasonable determination of the fact in light of the evidence presented in the State court proceedings" (28 U.S.C. § 2254(d)(2))).

McCorkle asserts these proceedings were "irregular" because his challenge was based on §2254(d)(2) whereas the Court's decision considered only § 2254(d)(1)(Motion, ECF No. 34, PageID 2324). Not so. The very first paragraph of the Analysis section Report and Recommendations ("R&R") recognizes both subsections as bases to attack state court decisions (ECF No. 15, PageID 2238). Ultimately it appeared to the undersigned that the determinative question was whether the state courts had applied *Barker v. Wingo,* 407 U.S. 514 (1972), the leading Supreme Court speedy trial precedent, reasonably or not. McCorkle certainly leaned hard on the presumption of prejudice created by *Barker* when more than a year had elapsed between

arrest and trial.

But putting aside which branch of § 2254(d) McCorkle focused on prior to judgment, he has not now made out a case under § 2254(d)(2). To prevail under that statute, he must show the state courts' decision was based on an "unreasonable determination of the facts" in light of the evidence. What facts does he claim the state courts determined unreasonably? Undoubtedly his trial was delayed for the ten days he spent in jail for contempt of court for refusing to enter the well of the courtroom and sit down on April 23, 2020. Undoubtedly he changed lawyers several times. What was unreasonably about determining those changes delayed the trial? Undoubtedly he filed separate in time disqualification motions with the Chief Justice as to both Judges Wolaver and Buckwalter and he does not deny that caused delay. He does not deny that he requested a continuance of one proceeding when he called and claimed his car had broken down.

Instead of attempting to make a case now under § 2254(d)(2), McCorkle asks that the Court open the judgment and

> 1. Permit Petitioner to file amended Objections to the Magistrates Report and Recommendation; or in the alternative
>
> 2. Amend the findings of fact and conclusions of law or make new ones, in light of 28 U.S.C. § 2254(d)(2).

(Motion, ECF No. 34, PageID 2326.) As to the first alternative, McCorkle provides no reason why he should have two shots at objections while the usual habeas petitioner gets only one. As to the second alternative, McCorkle does not propose what new findings of fact the Court should make or what evidence in the record it should rely on.

The Motion for New Trial is without merit and should be denied in its entirety.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

June 22, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

\#